is Maye v. City of New Haven, et al. Thank you. We are just hearing from the city. So is it Mr. Dębiczak? That's actually the Polish correct pronunciation. What's the American? Dębiczak is American. Dębiczak is the Polish pronunciation. All right. We're going to go with America. Because that seems to be the one you use more. Dębiczak. Good morning. May it please the Court. I am here on behalf of the appellants, the City of New Haven, and three detectives from the City of New Haven. We're here as a result of Judge Thompson denying our summary judgment. That summary judgment was based solely upon qualified immunity. Can I interrupt? Because it seems to me that you get to have an immediate appeal when there's a denial of a motion for summary judgment based on qualified immunity when that's a decision based on the law. Here it's a purely technical ruling. It's a ruling that you did not comply with the schedule set by the judge for making motions. So why is that on the law? Right. And that's why we made two arguments. The first argument is it's our belief that the district court abused its discretion in not substantively deciding it. But why? How could it not? You were late and then when you came back, you were late again and late in doing the other thing. And then having lost the motions, you abandoned that and come in and ask us to do the merits. And again, Your Honor, it's because based upon the posture of the case, we showed up at the hearing, the judge moved the trial out seven months. So there's more than ample time for this very important issue. I'm trying to figure out what proposition of law would you have us create that our jurisdiction over appeals no matter as long as the appellate at some point invokes qualified immunity or that a mere utterance of qualified immunity means that scheduling orders don't have to be you would have us say the law is to hear this. Right. And that's why we made the argument that this was an abusive discretion. It's because with the posture of this case where we have seven months for trial, he allows the co-defendant to file summary judgment. That's not within the realm of permissible decisions when dealing with an important issue. The qualified immunity is a waivable defense, right? You'd agree? Correct. So why was it unreasonable to presume that you were so late and didn't bring it and then why? And just a point of clarity, and I'm sure this is in the papers, at the time that the deadline was missed me, myself, I was not handling the case. You're in a tough spot because we're frustrated. But the question is why your client employed counsel that made a decision. And that decision did not involve filing summary judgment motions during the time that the scheduling order set. Then the court told you, I'm not going to entertain it, and you filed again. What would you have us do that is not going to just basically amount or be interpreted as as long as you utter the words qualified immunity you can come in at any time. A scheduling order doesn't matter. Yeah. And we're not saying a scheduling order doesn't matter. But again, if this was a case where trial was in fact in four weeks after this hearing. But all that should have been appealed earlier. I mean, you should have said the motion's denial of a motion was an abuse of discretion. But that's not what you're doing now. You're ignoring the fact that they did that before and you're asking us to look at the merits as if none of that had happened. Our first argument is their failure to decide our summary judgment on its substance was an abuse of discretion. That's issue one in our appeal here today. You don't get to bring an interlocutory appeal for that. You can bring a mandamus action, I suppose. But that's a very, very high standard. But it seems to me you're really suggesting that a qualified immunity motion, a summary judgment based on qualified immunity, is the equivalent of a subject matter jurisdiction objection. And it's clearly not, right? No. I would agree with that, Your Honor. And the reason that we really just want this heard is because of even the Supreme Court case law that says it should be decided at the earliest stage possible. And just, I want to highlight. But it does require you to make the motion. Understood. Understood. And again, that's why if I was saying, Your Honor, had trial been in four months, I would understand we are no longer... But are you saying that just because a trial is late, a district court is wrong and abuses discretion in saying you didn't come in on time? That is our position. That that is not within the range of permissible decisions. And I also wanted to note, trial has moved yet again. I may need to update the record to April. But again, that's rather remarkable. Yeah. Just because there are any reasons for delay, you can come back and make a motion you didn't make. Right. And again, it's not like we're filing a summary judgment on some other concept. Qualified immunity is very unique because it's not just immunity from liability, it's immunity from suit. So that's why we're saying it's such an important issue. It is important. Trial moved yet again. This won't happen much because most of the time, lawyers will not be asleep at the switch. They will recognize, make these motions early because the whole point is to avoid the litigation, not just the liability. Right. But you're asking us to sort of save you from yourselves. And I don't mean you, but I understand. And that doesn't seem to be the basis for a mandamus. Understood. Which is an extraordinary remedy. Yeah. And maybe I missed it, but I did try to research some cases in a situation like this where it was procedurally late, but still dealing with qualified immunity defense. I myself did not find any cases. You're also using the word late when the district court denied your request to file it out of time. So it's not only late, it's noncompliant. And you keep asking it. This is like the fourth time you've asked to do something that you have been told no to three times. Right. So when it got transferred to multiple judges, it was initially with, I believe, Magistrate Judge Garcia. It was with Garcia and then Nagala. And then Nagala. Very familiar with that. Nagala had a conflict. You don't get to start over because you get a new judge. Right. You would agree with that, right? Well, I mean, it was our understanding is because it was with a new judge and he was going to be setting a status conference to see what the case was, we just wanted the opportunity to try to present. And they said no. Right. And that's the final decision that we're here appealing. I understand, as I indicated, I wasn't counsel at the time when the deadlines were missed. I did have an appearance in, but it was being handled by City Corporation. But again, you don't get to appeal that. That's not a final order and it's not subject to any other collateral order doctrine or any other rule. You're really making a mandamus argument, right? I guess I haven't researched that issue particularly. And again, I understand this is a unique issue. I tried to research case law on this and that's why I tried to do my best on this appeal. Well, an unreasonable scheduling order is not, you would agree, immediately appealable. Oh, yes. I would agree with that. And again, as I go back to if trial had not been moved out seven months, I was actually supposed to be on trial today. But it got moved to April again. So that's, we were just trying to get an opportunity. Well, it got moved in part because you're here, I assume. No, the plaintiff moved the trial. Thank you. Okay. Well, we will adjourn the decision. That concludes today's argument.